STATE of Missouri, Plaintiff-Respondent,

v.

Anthony Joseph TURNER, Defendant-Appellant.

No. 51495.

Missouri Court of Appeals, Eastern District, Division Five.

July 7, 1987.

---

Marsha Brady, Hillsboro, for defendant-appellant.

William L. Webster, Atty. Gen., Karl Findorff, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Chief Judge.

Anthony J. Turner appeals from convictions for two counts of robbery in the first degree, § 569.020 RSMo.1986, and two counts of armed criminal action, § 571.015 RSMo.1986. The trial court sentenced appellant as a persistent offender to separate terms of life imprisonment on each of the robbery counts and separate terms of fifteen years imprisonment on each of the armed criminal action counts, all the sentences to run consecutive to each other and to another sentence appellant is presently serving.

In appellant's sole point relied on he charges the trial court erred in permitting the state to introduce into evidence Exhibit No. 8, a cap taken from the appellant, because the exhibit was not disclosed to defense counsel prior to trial. The point is denied and the judgment is affirmed.

The facts may be summarized briefly because the appellant does not challenge the sufficiency of the evidence. The criminal charges arose out of two separate armed robberies of the same pharmacy in Jefferson County, Missouri, the first on January 12, 1985, and the second on February 23, 1985. Two men, one of them the appellant, robbed the pharmacy on each occasion and the procedure was essentially the same at both times. The men entered the pharmacy with guns, forced the pharmacist to fill a bag with narcotics, forced an employee each time to hand over the money from the cash register, and then left the premises.

Appellant was arrested on February 25, 1985, at his residence. As he was leaving the residence, accompanied by a police officer, appellant requested and was given permission to take with him a jacket and a flat brown cap which he took from a coat rack.

The principal witness who identified appellant as the robber on both occasions was Brad Riley, the pharmacist who was on duty at the time each robbery occurred. Riley saw the cap on a table with other articles of clothing after he came out of a line-up room where he had identified appellant as the man who had robbed him. Mr. Riley told one of the police officers at that time that the cap looked exactly like the one the robber wore. At trial Mr. Riley identified the cap which appellant took from the coat rack and wore when he was taken into custody.

The cap had been in evidence in appellant's trial for a different robbery in St. Louis County, according to defense counsel's statement to the court out of the hearing of the jury.

The trial court did not abuse its discretion in permitting the introduction into evidence of Exhibit No. 8, the cap which had been confiscated from the appellant. The record leaves uncertain the exact time when the prosecution became aware that the hat would be introduced into evidence, when defense counsel became aware of that fact, and whether defense counsel was given an opportunity to view the cap in St. Louis County.

Appellant filed a request for disclosure on June 17, 1985. The request was initially complied with. Appellant filed a motion to compel discovery on March 7, 1986 in which he mentioned specifically the cap in question. The motion to compel discovery was treated as a motion for continuance and denied after oral argument.

. The record on appeal is not specific but it is possible defense counsel knew the cap was being held in St. Louis County and that counsel had had an opportunity to cross examine other witnesses about the cap in the St. Louis County proceedings. Counsel may have thought the St. Louis County cap was different from the one described by Mr. Riley.

It was appellant's duty to furnish this court a complete and adequate record on appeal. *State v. Sanner*, 655 S.W.2d 868,

878 (Mo.App.1983); Rule 30.04. The record relating to the cap was not specific.

There is a question whether the state violated the disclosure rules, but assuming they did, the relevant question is whether the trial court abused its discretion by overruling appellant's objection to the evidence concerning the cap. *State v. Clark,* 693 S.W.2d 137, 141 (Mo.App.1985).

■ Rule 25.16 provides that the trial court may order disclosure, grant a continuance, exclude evidence, or enter other orders if a party has failed to comply with an applicable discovery rule. The trial court has broad latitude in deciding whether to impose a sanction. *State v. Royal,* 610 S.W.2d 946, 951 (Mo. banc 1981).

■ The standard of appellate review is whether the trial court's decision to allow the evidence to be introduced resulted in a fundamental unfairness or prejudice to the defendant. *State v. Gaskin,* 618 S.W.2d 620, 624 (Mo.1981). The admission into evidence of the cap in the case under review was not fundamentally unfair to the appellant.

It is difficult to see how the preparation of appellant's defense was harmed by the introduction of the cap. Although the defense counsel claims surprise, counsel apparently knew about the cap before the trial. The state did not deliberately conceal the evidence. It was not exculpatory and it did not contradict any defense raised at the trial.

There was substantial evidence concerning appellant's identity as the robber. Two eyewitnesses who observed appellant for a number of minutes identified him before the trial and made positive in court identifications of appellant as the robber.

Even if there were an error in overruling the objection to the evidence of the cap, the error was harmless because the other evidence of appellant's guilt was very strong. *State v. DeGraffenreid,* 477 S.W.2d 57, 65 (Mo. banc 1972).

In appellant's brief he cites cases merely to support abstract statements of law about rules of discovery and failure to disclose items of evidence. No cases are cited by appellant which contain facts which are similar to those in the case under review. Appellant cites *State v. Harrington,* 534 S.W.2d 44, 47 (Mo. banc 1976) for the proposition that the failure to disclose evidence which could have a decisive effect on the outcome of the trial is fundamentally unfair where it robs a defendant of the opportunity to prepare to meet a critical element of the case against him. The exhibit in question, however, could not have had a decisive effect on the outcome of the trial and therefore no fundamental unfairness resulted from its not being disclosed. Although appellant attacks the eyewitness identification, he ascribes far more importance to the introduction of the cap than it deserves.

The judgment is affirmed.

CARL R. GAERTNER, J., JOSEPH J. SIMEONE, Senior Judge, concur.